**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION**

NEIL DYER,

    Plaintiff,

v.                                              Case No:  5:15-cv-121-Oc-30PRL

SELECT PORTFOLIO SERVICING,
INC.,

    Defendant.
_____/

## ORDER

THIS CAUSE comes before the Court upon Defendant Select Portfolio Servicing Inc.'s Motion to Dismiss (Doc. 16) and Plaintiff's response in opposition thereto (Doc. 17). The Court, having reviewed the motion and response, and being otherwise fully advised in the premises, concludes that Defendant's motion to dismiss should be granted.

## BACKGROUND[1]

Plaintiff initiated this action against Defendant alleging violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692-1692p, arising from five letters sent by Defendant to Plaintiff allegedly related to the collection of a debt secured by a note and mortgage which are currently the subject of a pending foreclosure action in Fifth Judicial Circuit in and for Lake County, Florida. Specifically, Plaintiff alleges that in 2014

---

[1]The following facts were gleaned from Plaintiff's Second Amended Complaint. (Doc. 11).

he received five letters from Defendant dated May 7, May 9, May 15, May 22, and June 4, related to matters pertaining to collection of the debt secured under the note and mortgage.[2] (Doc. 11, Exs. A-E).  Plaintiff asserts a claim against Defendant for each letter alleging that Defendant violated the FDCPA by (1) using false or deceptive means to collect a debt in violation of 15 U.S.C. § 1692e(10), (2) failing to disclose debt collector information in each letter in violation of 15 U.S.C. § 1692e(11), and (3) overshadowing Plaintiff's right to dispute the debt within the initial communication from Defendant in violation of 15 U.S.C. § 1692g(b).

## DISCUSSION

### A.  Standard of Review

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a complaint may be dismissed for failure to state a claim upon which relief can be granted.  In considering a motion to dismiss under Rule 12(b)(6), a court must accept the factual allegations of the complaint as true and evaluate all inferences derived from those facts in the light most favorable to the plaintiff.  *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  Conclusory allegations, unwarranted factual deductions, or legal conclusions masquerading as facts, however, are not entitled to the assumption of truth.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009); *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003).

---

[2]Because these letters are attached as exhibits to Plaintiff's second amended complaint, they may be treated as part of the complaint for the purposes of resolving a motion pursuant to Federal Rule of Civil Procedure 12(b)(6).  *See Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1369 (11th Cir. 1997).

**B. Analysis**

Defendant argues, in relevant part, that Plaintiff's complaint should be dismissed for failure to state a claim upon which relief can be granted because the letters of which Plaintiff complains were not sent "in connection with the collection of any debt," and are therefore not covered by the FDCPA. (Doc. 16 at 4-10). The Court agrees.

The FDCPA generally prohibits "debt collectors" from engaging in abusive, deceptive, or unfair debt-collection practices. 15 U.S.C. § 1692. Its purpose is "to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e). Among other things, the FDCPA regulates when and where a debt collector may communicate with a debtor, restricts whom a debt collector may contact regarding a debt, prohibits the use of harassing, oppressive, or abusive measures to collect a debt, and bans the use of false, deceptive, misleading, unfair, or unconscionable means of collecting a debt. *See* 15 U.S.C. §§ 1692a-1692p.

Plaintiff asserts that the FDCPA applies to every communication between a debt collector and a debtor, but Plaintiff is mistaken. For the FDCPA to apply, two threshold criteria must be met. First, the defendant must qualify as a "debt collector," an issue which is not disputed in the present case. Second, the communication by the debt collector that forms the basis of the suit must have been made "in connection with the collection of any debt." *See* 15 U.S.C. § 1692c(a); *see also Gburek v. Litton Loan Servicing LP*, 614 F.3d 380, 384 (7th Cir. 2010).

The FDCPA does not explain what is meant by "in connection with the collection of any debt," and the Eleventh Circuit has not established a bright-line rule for determining whether a communication from a debt collector is made "in connection with the collection of any debt." Rather most courts look to decisions from the Sixth and Seventh Circuits for guidance regarding the relevant factors to be considered in this inquiry.

In *Bailey v. Security National Servicing Corp.*, 154 F.3d 384, 386 (7th Cir. 1998), a mortgage servicer sent a letter to a delinquent debtor informing the debtor of its next payments which were owed to the original creditor. The letter expressed a willingness to "work with" the debtor to resolve the delinquency. *Id.* In affirming the district court's grant of summary judgment in favor of the mortgage servicer, the Seventh Circuit held that the communication was not a communication made in connection with debt collection. *Id.* at 388-89. Specifically, the Seventh Circuit emphasized that the letter did not demand payment or otherwise attempt to collect the debt, despite that the letter warned the debtor that delinquent payment could trigger an obligation to pay the entirety of the loan immediately. *Id.* Rather, it deemed the letter a mere description of the debtor's account.

More recently, in *Gburek v. Litton Loan Servicing LP*, 614 F.3d at 385, the Seventh Circuit noted that a demand for payment was not in itself determinative of whether a communication was made in collection with a debt collection. The debtor, who was in default on her mortgage loan, received two letters from her loan servicer offering to discuss "foreclosure alternatives" and requesting detailed financial information to initiate this process. The district court granted the loan servicer's motion to dismiss concluding that the letters were not communications made in connection with the collection of a debt. *Id.*

4

at 383. The Seventh Circuit reversed, finding that the communications were sent with the intent of inducing the debtor to settle or discuss the debt. *Id.* at 384-86. In reaching this conclusion, the court identified a number of factors in determining whether a communication was sent in connection with the collection of a debt, including (1) the relationship of the parties, (2) the intent of the communication, (3) whether the debt was past due, and (4) whether there was a demand for payment. *Id.* at 385.

In *Grden v. Leikin Ingber & Winters PC*, 643 F.3d 169, 173 (6th Cir. 2011), the Sixth Circuit "agree[d] with the Seventh Circuit that an 'explicit demand for payment' is not always necessary for the [FDCPA] to apply," and the FDCPA "does not apply to *every* communication between a debt collector and a debtor." *Id.* (internal quotation marks omitted). The Sixth Circuit explained:

> [F]or a communication to be in connection with the collection of a debt, an animating purpose of the communication must be to induce payment by the debtor. Obviously, communications that expressly demand payment will almost certainly have this purpose. But so too might a communication that merely refers the debtor to some other communication that itself demands payment. Thus, to use the language of § 1692e, a letter that is not itself a collection attempt, but that aims to make such an attempt more likely to succeed, is one that has the requisite connection.

*Id.* (citations omitted). In *Goodson v. Bank of America, N.A.*, 600 F. App'x 422, 431 (6th Cir. 2015), the Sixth Circuit considered the following factors in determining whether a communication was sent in connection with the collection of a debt: "(1) the nature of the relationship of the parties; (2) whether the communication expressly demanded payment or stated a balance due; (3) whether it was sent in response to an inquiry or request by the debtor; (4) whether the statements were part of a strategy to make payment more likely;

5

(5) whether the communication was from a debt collector; (6) whether it stated that it was an attempt to collect a debt; and (7) whether it threatened consequences should the debtor fail to pay." *Id.*

Several district court cases are also instructive. In *Gillespie v. Chase Home Finance, LLC*, No. 3:09-CV-191-TS, 2009 WL 4061428, at *5 (N.D. Ind. Nov. 20, 2009), the district court found that letters sent to mortgagees who were in default were merely informational and were not an attempt to collect a debt. The letters at issue advised the debtors that their loans were referred to the "Homeowner's Assistance Department," and explained that several alternatives were available for resolving the debt. *Id.* at *2. The defendant directed the debtors to contact it immediately to discuss the options available. The court concluded that the letters were informational and not covered by the FDCPA because they did not provide terms of payment, threaten further collection proceedings, or demand payment in any form. *Id.* at *5.

Similarly, in *Helman v. Udren Law Offices, P.C.*, No. 0:14-CV-60808, 2014 WL 7781199, at *5 (S.D. Fla. Dec. 17, 2014), the district court found that a letter advising a debtor that she might have alternatives to foreclosure and inviting her to communicate with the defendant was not sent in connection with the collection of a debt in violation of the FDCPA. The letter informed the debtor that she "may have foreclosure prevention alternatives available," and may be evaluated for alternatives to foreclosure. *Id.* at *3. In determining that the letter was not sent in connection with collection of a debt, the court considered that the letter did not compel the plaintiff to take an action, set an arbitrary

6

deadline for a response, deliver an ultimatum, request detailed financial information, or require the plaintiff to provide an explanation for the default. *Id.* at *4

Considering the factors articulated by the cases discussed above, the Court concludes, as a matter of law, that the letters received by Plaintiff were not communications sent in connection with the collection of a debt. None of the letters demanded payment from Plaintiff, directly or indirectly. Also, none of the letters discussed specifics of the underlying debt, such as the terms of payment or deadlines. Each of the letters states, "This information is intended for informational purposes only and is not considered an attempt to collect a debt." *See Hernandez v. Dyck-O'Neal, Inc.*, No. 3:14-cv-1124-J-32JBT, 2015 WL 2094263, at *3 (M.D. Fla. May 5, 2015) (taking into consideration a disclaimer that a communication was not an attempt to collect a debt in considering whether the communication was made in connection with an attempt to collect a debt). Finally, considering the letters from the perspective of the least sophisticated debtor,[3] the "animating purpose," i.e., Defendant's intent in sending the letters, does not appear to be to collect the debt or induce Plaintiff to settle the debt. Rather, the letters were sent to provide Plaintiff with information.

In fact, the May 7, 2014 letter had nothing to do with a debt at all. (Doc. 11, Ex. A). Instead the letter informed Plaintiff that Defendant was aware that Plaintiff's hazard

---

[3]When evaluating a FDCPA claim, the least-sophisticated-debtor standard applies. *See LeBlanc v. Unifund CCR Partners*, 601 F.3d 1185, 1194 (11th Cir. 2010). This standard is an objective test designed to protect the vulnerable while preventing "liability for bizarre or idiosyncratic interpretations of collection notices." *Id.* "The least sophisticated consumer can be presumed to possess a rudimentary amount of information about the world and a willingness to read a collection notice with some care." *Id.* (internal quotation marks omitted).

7

insurance policy on his property had expired and that Plaintiff was required to maintain hazard insurance. The subject of the letter provided, "Please provide insurance information." The letter informed Plaintiff that if he did not provide Defendant with proof of insurance that Defendant would purchase hazard insurance on the property. The letter neither mentions Plaintiff's debt nor demands payment. The mere fact that the letter refers to Plaintiff's mortgage documents and requests that any correspondence contain Plaintiff's loan number does not bring this letter within the ambit of the FDCPA.

Similarly, the May 22, 2014 and June 4, 2014 letters, which are identical, did not address Plaintiff's debt either. (Doc. 11, Exs. D, E). Those letters reflected that Defendant received correspondence from Plaintiff regarding his account. The letters informed Plaintiff that he may seek "assistance options" if he was experiencing financial hardship, but they do not specifically reference Plaintiff's debt, reflect that Plaintiff's debt was past due, demand payment, or threaten consequences. Moreover, letters sent in response to correspondence or an inquiry from a debtor are communications induced by the debtor and not the debt collector. Thus, they do not fall within the ambit of the FDCPA. *See Goodson*, 600 F. App'x at 432; *Grden*, 643 F.3d at 173.

Only the May 9, 2014 and May 15, 2014 letters, which are identical, reference Plaintiff's debt or loan. (Doc. 11, Exs. B, C). These letters inform Plaintiff that he is being considered for a "loan resolution option." The letters state, "If you have any additional documentation you would like us to consider while evaluating this account for an alternative to foreclosure, please fax the documents to 801-293-3936." Although these letters reference Plaintiff's debt by referring to a "loan," the letters do not contain any

8

specifics regarding the debt, do not demand payment, and do not threaten consequences should Plaintiff fail to pay the debt.

Unlike the letter at issue in *Gburek*, which requested the debtor's detailed, current financial information and compelled the debtor to take action, these letters merely inform Plaintiff that Defendant is considering Plaintiff for a loan resolution option and invite Plaintiff to send additional information if he wishes. The letters do not proactively discuss or offer a loan resolution option or specifically request that Plaintiff provide information to facilitate the consideration of that option. These letters are more akin to the letters at issue in *Gillespie* and *Helman*, providing Plaintiff with information but not compelling or inducing him to take any action. *See Gillespie*, 2009 WL 4061428, at *5; *Helman*, 2014 WL 7781199, at *5; *see also Santoro v. CTC Foreclosure Serv.*, 12 F. App'x 476, 480 (9th Cir. 2001) (concluding that "[a] letter suggesting loan workout options is not seeking to collect the debt").

Because none of the letters of which Plaintiff complains were made in connection with the collection of a debt, Plaintiff's claims for violations of the FDCPA fail and his complaint should be dismissed.

## **CONCLUSION**

Accordingly, it is therefore **ORDERED AND ADJUDGED** that:

1. Defendant Select Portfolio Servicing Inc.'s Motion to Dismiss (Doc. 16) is GRANTED.

2. Plaintiff's complaint is DISMISSED with prejudice.

9

3. The Clerk is directed to terminate any pending motions as moot and close this case.

**DONE** and **ORDERED** in Tampa, Florida, this 4th day of June, 2015.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record